UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Schroeder Western Investments, LLC )
)
                Plaintiff, ) CASE NO. 13-50326
  v. )
) Judge
Bakken Holding & Investment, LLC, Todd ) Magistrate Judge
Harris, Karl Troestler, Dave Kassera, Stacy ) Trial by Jury Demanded
Hinkle and Goliath Holdings and Investment,)
 LLC, Kim Harris )
                Defendants. )

## COMPLAINT

NOW COMES, Plaintiff, Karen Schroeder, by and through its attorney, Robert T. Hanlon and the Law Offices of Robert T. Hanlon & Associates, P.C., with its' complaint against Bakken Holding & Investment, LLC, Todd Harris, Karl Troestler, Dave Kassera, Stacy Hinkle, and Kim Harris, defendants and state as follows:

### I. NATURE OF THE CASE

1. This Complaint is brought to vindicate the rights of the Plaintiff, who has been deprived of property and money as a result of Defendants' actions and omissions since January 2011 or thereabouts. The Defendants' acts and omissions constitute an unlawful scheme to defraud, cheat, steal, and convert property and money belonging to Plaintiffs through manipulation of rents and accounting associated with the operation of Bakken Holdings and Investments LLC. The Defendants created a scheme and artifice in order to conceal and hide the use of Plaintiffs funds for the personal benefit of Todd Harris, Karl Troestler, Dave Kassera, Stacy Hinkle, and Kim Harris, whereby at least two million dollars ($2,000,000.00) was unlawfully taken from the Plaintiff.

1

2. Through the implementation of this scheme, the Defendants conducted or participated in an association-in-fact enterprise and a pattern of racketeering activity consisting of mail fraud, wire fraud, and the transportation of stolen or converted money in interstate commerce. This enterprise consisted of the marketing, accounting, and operations and records units of the Defendants, the Bakken Holdings and Investments LLC's, and Goliath Goliath Holdings and Investment, LLC's accountants, and its related entities. The Defendants received income derived from their racketeering enterprise, some portion of which they used for their own personal pecuniary gain.

**PARTIES**

3. Plaintiff is a resident and citizen of the State of Illinois.

4. The Defendant, Bakken Holdings & Investments, LLC, ("BAKKEN") is incorporated in the State of Colorado and has its principal place of business at 1204 Grand Glenwood Springs, CO 81601.

5. The Defendant, BAKKEN, is a citizen of the State of Colorado.

6. The Defendant, Todd Harris, resides in the State of Colorado.

7. The Defendant, Kim Harris, is a citizen of the State of Colorado.

8. The Defendant, Karl Troestler, resides in the State of Colorado.

9. The Defendant, Dave Kassera is a citizen of the State of Colorado.

10. The Defendant, Stacy Hinkle is a citizen of the State of Colorado.

11. The Defendant, Goliath Holdings and Investment, LLC ("GOLIATH") is incorporated in the State of Colorado and has its principal place of business at 715 Horizon Drive, Suite 170, Grand Junction, CO 81506.

12. The Defendant, GOLIATH, is a citizen of the State of Colorado

13. There is complete diversity of citizenship between Plaintiff and all Defendants named herein.

## JURISDICTION

14. Plaintiffs' federal claims for relief allege violations of the Racketeering Influenced and Corruption Organization Act (RICO), 18 U.S.C. § 1961 *et. seq*. This Court has jurisdiction over these claims pursuant to 18 U.S.C. § 1964(a) and (c), 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this cause because there is complete diversity of citizenship and the amounts in controversy substantially exceed $75,000 and are in excess of $2,000,000.00. Moreover this Court has jurisdiction pursuant to the Organized Crime Control Act of 1970, Title IX , Racketeer Influenced and Corrupt Organizations Statute (18 U.S.C. §§ 1961-1968),

## VENUE.

15. Venue in this district is proper pursuant to 18 U.S.C. § 1965(a) and (b) and 28 U.S.C. § 1391(b) because (i) the Defendants are found, have an agent, and/or transact their affairs in this judicial district, and (ii) a substantial part of the events or omissions giving rise to the claims for relief occurred in this district.

## RELEVANT FACTS.

16. Bakken Holding & Investment, LLC via its employees solicited investments from Karen Schroeder with said solicitation taking place in Illinois.

17. Bakken Holding and Investment, LLC represented that the investment of Karen Schroeder would be used for the specific purpose of investment in real estate located in North Dakota.

18. The specific real estate related to the investment by Bakken Holdings & Investments LLC ("BAKKEN") is located at 14050 Highway 85 North, Alexander ND. 58831 and has improvements with 147 rental units (the "Property").

19. In the original pro-forma provided to Plaintiff, BAKKEN represented that the daily rental rates were 120.00.

20. The daily rent represented reflects a gross income before vacancy loss and expenses to be $529,200 per month.

21. To date Plaintiff has not received a single return on its ½ interest in BAKKEN despite over one full year of operations and numerous distributions to the remaining defendants.

22. Plaintiff's investments in BAKKEN were made by check and wire transfer dispatched in interstate commerce as well as providing earthwork and construction on the Property.

23. The total of Plaintiff's investment was in excess of $2,000,000.

24. Plaintiff purchased a 50% interest in BAKKEN.

25. Upon information and belief, Todd Harris, Karl Troestler, Dave Kassera, Stacy Hinkle, and Kim Harris did not make any capital contribution equal to their claimed percentage interests in BAKKEN.

26. The Sum total of interests claimed by Todd Harris, Karl Troestler, Dave Kassera, Stacy Hinkle, and Kim Harris, and GOLIATH in addition to the 50% claimed by Plaintiff exceed 100% of BAKKEN.

27. Upon information and belief, any capital contribution made to the Defendants was returned without a commensurate payment to the Plaintiff.

28. The Defendant, BAKKEN has paid excessive salaries and wages well above the market for the services received by BAKKEN to the other named Defendants in order to conceal the embezzelement described herein.

29. On Information and belief, the Defendant, Todd Harris, withdrew approximately $250,000 from BAKKEN to pay for his personal residence, despite not distributing a penny to Plaintiff in the same period of time.

30. On Information and belief, the remaining individual defendants, (Todd Harris, Karl Troestler, Dave Kassera, Stacy Hinkle, and Kim Harris) withdrew at least $800,000 from BAKKEN to pay personal expenses, despite not distributing a penny to Plaintiff in the same period of time.

31. Upon Information and belief, the Defendant Goliath was used by Todd Harris, Karl Troestler, Dave Kassera, Stacy Hinkle, and Kim Harris as a vehicle to hide and conceal the fraudulent takings by Todd Harris, Karl Troestler, Dave Kassera, Stacy Hinkle, and Kim Harris.

32. Upon Information and belief GOLIATH is retaining funds belonging to BAKKEN.

33. In August 2013, without consideration, BAKKEN reduced the percentage ownership of Plaintiff in BAKKEN to 25%.

34. On or about August 27, 2013, Plaintiff's agents began asking for financial information related to the operations of BAKKEN.

35. Despite attempting to review all of the records of BAKKEN, Plaintiff has not received the financial information requested from GOLIATH and BAKKEN.

36. At a point in time unknown by Plaintiff, but believed to be in the fall of 2012, the Defendants Todd Harris and Kim Harris obtained approximately $250,000 from BAKKEN to

purchase a parcel of real estate whereby the title of the real estate was placed in the name of Todd Harris and Kim Harris and is the same property where Defendants Todd Harris and Kim Harris reside

37. On several occasions in 2012 and 2013 Todd Harris and Kim Harris withdrew funds from the accounts of BAKKEN for their own personal use and benefit.

38. In truth and in fact, most of the revenue generated by BAKKEN has been diverted to Todd Harris, Karl Troestler, Dave Kassera, Stacy Hinkle, and Kim Harris for their personal benefit without any consideration to Plaintiff or BAKKEN, which Plaintiff has a substantial pecuniary interest.

39. Defendants also solicited investments from others for the same investment already sold to Plaintiff in furtherance of the scheme and artifice to defraud Plaintiff.

40. Defendants also commenced construction upon the land owned by BAKKEN for the explicit use of Goliath whereupon funds were diverted from BAKKEN to GOLIATH in amounts in excess of $100,000.

41. Defendants used the operating funds from BAKKEN to pay for capital expenses of Goliath without consideration to BAKKEN or Plaintiff.

COUNT I ( RACKETEER INFLUENCED COURPT ORGANIZATIONS ACT)

42. Plaintiff restates and re-alleges paragraphs 1-41 in this Count 1 as if fully restated herein.

43. Bakken, Goliath, and the individual named defendants, and others known and unknown to the Plaintiff, were at all relevant times, an enterprise with a continuing organization and structure over a number of years, who were associated in fact for the purposes of, among other

things, providing an organization and structure for the purpose of defrauding Plaintiff and others related to investments in BAKKEN.

44. All defendants were involved and participated directly in the scheme and artifice to defraud the Plaintiff whereby the Defendants.

45. The legal entities and individuals named herein and associated via BAKKEN or GOLIATH have constituted and continue to constitute and an association-in-fact enterprise, which engaged in, and whose activities affected, interstate commerce.

46. The named Defendants agreed to and did conduct and participate in the conduct of the enterprise for the unlawful purpose of embezzling money and property from Plaintiff in and affecting interstate commerce, and of defrauding Plaintiff of its property rights under an operating agreement through material false statements to Plaintiff and others including the representations and promises to Plaintiffs' agents and employees.

47. Specifically, each defendant conducted and directly participated in the conduct of the enterprise and agreed to do so pursuant to a pattern of racketeering activity consisting of at least two acts of mail fraud and embezzlement or attempted embezzlement by virtue of participating in and devising a scheme to deprive Plaintiff of its contractual rights in the operating agreement and the operation of Both BAKKEN and GOLIATH, whereupon money was converted and co-mingled for the personal use of Todd Harris, Karl Troestler, Dave Kassera, Stacy Hinkle, and Kim Harris.

48. In truth and in fact, most of the revenue generated by BAKKEN has been diverted to Todd Harris, Karl Troestler, Dave Kassera, Stacy Hinkle, and Kim Harris for their personal benefit without any consideration to Plaintiff or BAKKEN which Plaintiff has a substantial pecuniary interest.

49. Pursuant to and in furtherance of the scheme, commencing in or about 2011, and continuing to the present, defendants and other individuals, aided and abetted by and acting in concert with each other and other Defendants in committing multiple acts of mail fraud in violation of 18 U.S.C. § 1341 and/or embezzlement affecting commerce in violation of 18 U.S.C. § 666(a)(1)(A). Such acts include but are not limited to the following:

A) Keeping track of illicit funds by use of the mails including bank statements and communications with the parties to the BAKKEN operating agreement.
B) Theft of money belonging to BAKKEN and Plaintiff without lawful consideration.
C) The taking of money by defendants was done with the intent to permanently deprive the Plaintiff of its lawful right to said money.

Wherefore, Plaintiff's pray that this honorable Court grant the following relief:

A: Enter judgment in favor of the plaintiff and against the Defendants jointly and severally for an amount of at least $2,000,000

B. an award of reasonable attorney fees and costs.

C: for such other and further relief as this court deems just and equitable.

## COUNT II EMBEZZLEMENT

(As to Defendants Todd Harris, Karl Troestler, Dave Kassera, Stacy Hinkle, and Kim Harris)

47. Plaintiff restates and re-alleges paragraphs 1-49 in this Count II as if fully restated herein.
48. There was a trust or fiduciary relationship between the defendants and Plaintiff,
49. The Plaintiff's money and property came into the possession or care of the Defendants by virtue of their relationship to BAKKEN as employees or agents of BAKKEN;
50. The defendant's dealings with the property constituted a fraudulent conversion or appropriation of it to his/her own use; and
51. the defendant acted with the intent to deprive the owner of the use of this property.

8

Wherefore, Plaintiff's pray that this honorable Court grant the following relief:

A: Enter judgment in favor of the plaintiff and against the Defendants jointly and severally for an amount of at least $2,000,000

B. an award of reasonable attorney fees and costs.

C: for such other and further relief as this court deems just and equitable.

Dated: October 10, 2013                    Respectfully submitted,


By: /s/ Robert T. Hanlon
Robert T. Hanlon,
The Law Offices of Robert T. Hanlon & Assoc. P.C.
14212 Washington Street, #200
Woodstock, IL 60098
(815) 206-2200

## Jury Demand

Plaintiff demands trial by jury pursuant to FRCP 38 and 39 of all matters related hereto.

By: /s/ Robert T. Hanlon
Robert T. Hanlon,
The Law Offices of Robert T. Hanlon & Assoc. P.C.
14212 Washington Street, #200
Woodstock, IL 60098
(815) 206-2200